IN THE UNITED DISTRICT COURT FOR THE
SOUTHERN DIVISION OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br>701 East 60th Street N<br>Sioux Falls, SD 57104<br><br>    Plaintiff,<br><br>v.<br><br>BABAK MONAJEMI<br>7316 Hooking Road<br>McLean, VA 22101<br><br>    Defendant. | Case No.: _____ |

## COMPLAINT

Plaintiff Citibank, N.A. ("Citibank" or "Plaintiff"), through counsel, files this Complaint against defendant Babak Monajemi ("Defendant"), and in support thereof states as follows:

## NATURE OF ACTION

1. Citibank brings this action against Defendant for money damages resulting from Defendant's failure to repay a personal loan (the "Loan") in accordance with the terms set forth in the Revolving Credit Term Note ("Note") executed by Defendant in connection with the Loan. A true and correct copy of the Note is attached as **Exhibit A**.

## PARTIES

2. Plaintiff is a federally chartered national bank organized and existing under the laws of the United States with a main office as set forth in its articles of association located in South Dakota at 701 East 60th Street N, Sioux Falls. Accordingly, Citibank is a citizen of South Dakota for diversity of citizenship purposes.

3. Defendant is an individual who has a residential address of 7316 Hooking Road, McLean, VA 22101. Defendant is a citizen of Virginia. Defendant is a shareholder with the law firm Polsinelli PC, which has an office in New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Defendant consented to the personal jurisdiction of this Court when signing the Note. *See* Ex. A, ¶ 26.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant consented to jurisdiction in this Court. *See Id*.

## STATEMENT OF FACTS

7. On May 20, 2022, Citibank extended a $70,000.00 line of credit loan to Defendant. To memorialize this extension of credit and his payment obligation thereunder, Defendant executed the Note. *See* Ex. A.

8. Under the terms of the Note, Defendant agreed to repay the Loan in full, together with any accrued and unpaid interest at the rate per annum equal to the Alternate Base Rate plus the Alternate Base Rate Margin (the "interest rate"), as defined in the Note, by no later than May 31, 2025 (the "maturity date"). *Id*. at ¶ 2.

9. Defendant did not re-pay the principal due on the Note on or before the maturity date.

10. The Note specifies that New York law governs. *Id*. at ¶ 25. The Note further

specifies that Defendant irrevocably submits to the jurisdiction of this Court for the resolution of any disputes. *Id*. at ¶ 26.

11. The Note identifies failure to pay the Loan when due as an event of default. *Id*. at ¶ 16(a).

12. After Defendant defaulted on the Note, Citibank made good faith attempts, both directly and through counsel, to communicate with Defendant about the outstanding debt and to collect all sums due on the Loan.

13. By letter dated October 29, 2025, counsel for Citibank notified Defendant of his default (the "Default Letter"). A true and correct copy of the Default Letter is attached hereto as **Exhibit B.** The October 29, 2025 Default Letter recites that as of October 14, 2025, Defendant owed $75,302.05, consisting of principal in the amount of $69,450.00 and interest in the amount of $5,852.05. *See* Ex. B.

14. By signing the Note, Defendant promised to pay Citibank not only all sums due and owing for principal and interest, but also all of the costs incurred by Citibank in enforcing the Note, including, but not limited to, court costs, other expenses, and reasonable attorneys' fees. *See* Ex. A, ¶ 19. The Default Letter recited Defendant's obligation to pay Citibank's costs and expenses in enforcing the Note, including attorneys' fees. *See* Ex. B.

15. Defendant has not made any payment to Citibank on the Note since receiving the Default Letter, nor has he otherwise responded to the Default Letter.

16. Interest has continued to accrue under the Note and will continue to accrue until the date of judgment.

17. Defendant's obligation to Citibank on the Note as of November 30, 2025 was $75,935.56, consisting of principal in the amount of $69,450.00 and interest in the amount of

$6,485.56 at the note interest rate. Pursuant to the Note, Defendant is further obligated to pay Citibank its reasonable expenses, including attorneys' fees, to enforce the Note

**CLAIM FOR RELIEF**
**(Action on Note)**

18. The allegations set forth above in Paragraphs 1-17 are incorporated by reference herein.

19. Defendant has breached his obligation to re-pay the Note by failing to pay all sums due and payable prior to the maturity date or at any time since.

20. Defendant's default is ongoing and has not been cured.

21. As a proximate result of Defendant's default under the terms of the Note, Citibank has incurred monetary losses in an amount to be determined at trial, or as a matter of law.

WHEREFORE, Citibank respectfully requests a judgment against Defendant for default on the Note, in an amount to be proven at trial or as a matter of law, of not less than $75,935.56, plus interest accruing under the Note after November 30, 2025, as well as all of Citibank's costs of enforcement, including but not limited to costs and attorneys' fees, and such other relief as the court deems just and proper.

Respectfully submitted,

December 5, 2025

By: /s/ Ana M. Blanco
Ana M. Blanco
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
(T): 212.223.0200
(F): 212.223.1942
blancoa@ballardspahr.com
*Attorney for Plaintiff*

4